### ORMES v. ORMES. (No. 3475.)

Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1927.

1. Evidence  ⬅317(18) — Testatrix's declarations, after execution of deed, that grantee defrauded her, held hearsay and inadmissible.

In executor's suit to cancel deed of testatrix because grantee did not pay agreed consideration, evidence of plaintiff's witness that when requested by testatrix to prepare will she stated grantee agreed to pay her $2,000, but prepared deed drawn to show he was to pay only $1,000, and which she executed, and she feared he would beat her sisters out of property after her death, was hearsay and inadmissible.

2. Evidence  ⬅155(7) — Testatrix's declarations after execution of deed as to grantee's fraud were not admissible because other declarations were admitted without objection or were not hearsay.

In executor's suit to cancel testatrix's deed, evidence of testatrix's declarations as to grantee's fraud, made after execution of deed, being inadmissible as hearsay, were not rendered admissible because trial court admitted other declarations as to transaction between testatrix and grantee, which were not objected to and were within exception to the hearsay evidence rule.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Suit by A. E. Ormes, executor of the will of Hettie Russell, deceased, against W. L. Ormes. From a judgment for plaintiff, defendant appeals. Reversed and remanded for new trial.

I. C. Underwood, of Marshall, and W. R. Stephens, of Gilmer, for appellant.

T. H. Briggs and H. V. Davis, both of Gilmer, for appellee.

WILLSON, C. J. The suit was to cancel a deed, made by Mrs. Hettie Russell, widow, August 29, 1925, conveying 120 acres of land in Upshur county to appellant, W. L. Ormes. Mrs. Russell died September 28, 1925, and the suit was prosecuted by appellee A. E. Ormes, as executor of her will, to a judgment canceling the deed as prayed for. The ground upon which the cancellation of the deed was sought was fraud (as alleged) on the part of appellant, in that, having agreed to pay Mrs. Russell $2,000 for the land, he had had prepared and caused her to execute a deed containing a recital, of which she was ignorant, showing he was to pay her $1,000 instead of $2,000. It appeared from the deed, which was admitted as evidence at the trial, that the consideration recited therein was $1,000, as alleged. On a special issue submitted to them the jury found that the consideration agreed upon was $2,000, as alleged. The judgment canceling the deed was based upon that finding.

At the time she made the deed in question Mrs. Russell executed a will in favor of appellant, it seems. She made another will September 4, 1925, by which she bequeathed five acres of land to appellee and all the other property she owned to her three surviving sisters, one of whom was the mother of both appellant and appellee.

[1] At the trial the witness Davis was permitted to testify, over appellant's objection, that after she executed the deed Mrs. Russell requested him to prepare the will she executed September 4, 1925, and then stated to him that whereas appellant had agreed to pay her $2,000 for the land ($1,000 in cash and $1,000 in a promissory note), he had had the deed

thereto so drawn as to show he was to pay her only $1,000 ($500 in cash and $500 in a promissory note); that she executed the deed relying on his having had it so drawn as to show the consideration to be the sum agreed upon; that she had never received of appellant either any sum of money or a note on account of the land; that she had also made a will to appellant on his promise to see that her sisters got her property; and that having "caught him trying to beat her" out of the 120 acres of land by "trying to give her $1,000 in place of $2,000," she feared he would "beat her sisters out of the property after her death." One of the grounds of the objection was that the testimony was hearsay. We think it was, and, it not being within any of the exceptions to the rule excluding hearsay as evidence, that the objection should have been sustained on the ground stated, if on none other urged by appellant. 29 C. J. 286; 22 C. J. 218, 291; Rankin v. Rankin, 105 Tex. 451, 151 S. W. 527; Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138. The holding of the Supreme Court in the Rankin Case was, specifically, that declarations of a grantor made after the execution of a deed are not competent to prove fraud.

[2] It appears from a qualification by the trial judge to his approval of a bill of exceptions in the record that he admitted part of the testimony in question because appellant had proved by his witness Mrs. Lizzie Reed certain declarations made by Mrs. Russell in regard to the transaction between her and appellant resulting in the execution of the deed. But we have been unable to see, if the testimony of Mrs. Reed was admitted because not objected to or because within an exception to the rule referred to, why the fact was a reason for admitting the testimony of the witness Davis objected to as stated, or the like testimony of the witness William Ormes objected to on like grounds. As no other testimony than the declarations of Mrs. Russell referred to and held to be inadmissible was adduced to show fraud as alleged on the part of appellant, the judgment canceling the deed was unauthorized, we think. It will be reversed, and the cause will be remanded to the court below for a new trial.